UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
DCML LLC,
:
               Plaintiff,                   No. 08 cv 5829 (SAS)
:
     v.
:
DANKA BUSINESS SYSTEMS PLC, A.D.              **ECF Case**
FRAZIER, W. ANDREW MCKENNA, DR. KEVIN :
C. DALY, JAIME W. ELLERTSON,                  **Electronically Filed**
CHRISTOPHER B. HARNED, J. ERNEST      :
RIDDLE, ERIK VONK, DAVID DOWNES,
JOSEPH E. PARZICK, and CYPRESS MERCHANT :
BANKING PARTNERS II L.P.,
:
               Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OF LAW IN SUPPORT OF CYPRESS
MERCHANT BANKING PARTNERS II L.P.'S
<u>MOTION TO DISMISS DCML LLC'S FIRST AMENDED COMPLAINT</u>**

SIMPSON THACHER & BARTLETT LLP
Peter E. Kazanoff
425 Lexington Avenue
New York, New York  10017
Telephone: (212) 455-2000
Facsimile:  (212) 455-2502
Email: pkazanoff@stblaw.com
*Attorneys for Defendant Cypress Merchant
Banking Partners II L.P.*

## TABLE OF CONTENTS

**Page**

BACKGROUND ........................................................................................................................ 1

ARGUMENT .............................................................................................................................. 1

I.  THE COURT SHOULD NOT EXERCISE JURISDICTION OVER THE NON-FEDERAL CLAIM ASSERTED AGAINST CYPRESS ................................................................................ 1

II. DCML'S CLAIM AGAINST CYPRESS FOR AIDING AND ABETTING AN ALLEGED BREACH OF FIDUCIARY DUTY FAILS AS A MATTER OF LAW ........................................................ 2

  A.  DCML Fails to State a Claim for a Primary Breach of Fiduciary Duty ................. 3

  B.  DCML Fails to Plead the Elements of Aiding and Abetting Liability under New York Law ................................................................................................................ 3

  C.  DCML Fails to Plead the Elements of Accessory Liability under English Law .... 5

CONCLUSION ........................................................................................................................... 5

## TABLE OF AUTHORITIES

Page(s)

### Cases

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007) ............................................................. 2, 5

*Bond Opportunity Fund v. Unilab Corp.*, No. 99 Civ. 11074, 2003 WL 21058251 (S.D.N.Y. May 9, 2003) ................................................................................................ 1

*Geren v. Quantum Chem. Corp.*, 832 F. Supp. 728 (S.D.N.Y. 1993) ............................................ 3

*Goldin Assocs., LLC v. Donaldson, Lufkin & Jenrette Sec. Corp.*, No. 00 Civ. 8688, 2003 WL 2218643 (S.D.N.Y. Sept. 25, 2003) ....................................................... 5

*Goldstein v. Pataki*, 516 F.3d 50 (2d Cir. 2008) ........................................................................... 2

*In re Adelphia Commc'ns Corp.*, 365 B.R. 24 (Bankr. S.D.N.Y. 2007) ........................................ 2

*In re Sharp Int'l Corp.*, 403 F.3d 43 (2d Cir. 2005) ...................................................................... 4

*Kaufman v. Cohen*, 307 A.D.2d 113, 760 N.Y.S.2d 157 (1st Dep't 2003) .................................... 3

*Lerner v. Fleet Bank, N.A.*, 459 F.3d 273 (2d Cir. 2006) .......................................................... 3, 4

*N. Atl. Instruments, Inc. v. Haber*, 188 F.3d 38 (2d Cir. 1999) ..................................................... 2

*Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of America Sec., LLC,* 446 F. Supp. 2d 163 (S.D.N.Y. 2006) ........................................................ 4

*Royal Brunei Airlines Sdn. Bhd. v. Tan*, [1995] 2 A.C. 378 (P.C.), 1995 WL 1081657 .......................................................................................................................... 3, 4

*Scruton v. Bone & Ors.*, 2001 WL 1612640 (Ch. D.) ................................................................ 3, 6

*TCS Capital Mgmt., LLC v. Apax Partners, L.P.*, No. 06-CV-13447, 2008 WL 650385 (S.D.N.Y. Mar. 7, 2008) ............................................................................. 1

### Other Authorities

Bullen, Leake & Jacob's Precedents of Pleadings § 54-04 ............................................................ 3

Palmer's Company Law ¶ 6.964 ................................................................................................ 3, 5

Palmer's Company Law ¶ 8.3611 .............................................................................................. 3, 5

Palmer's Company Law ¶ 8.3612 ................................................................................................. 3

Cypress Merchant Banking Partners II L.P. ("Cypress") respectfully submits this memorandum of law in support of its motion to dismiss the First Amended Complaint (the "FAC") of DCML LLC ("DCML") pursuant to Federal Rule of Civil Procedure 12(b)(6).

## BACKGROUND

Cypress incorporates by reference the Background section in the memorandum of law submitted in support of the motion to dismiss filed by Defendants Danka Business Systems PLC ("Danka"), A.D. Frazier, W. Andrew McKenna, Dr. Kevin C. Daly, Jaime W. Ellerston, Christopher B. Harned, J. Ernset Riddle, Erik Vonk, David Downes, and Joseph E. Parzick (collectively, "the Danka Defendants") on August 22, 2008. *See* Danka Br. at 2-7. As to Cypress, the FAC asserts a single cause of action for aiding and abetting an alleged breach of fiduciary duty by the Danka Defendants. *See* FAC ¶¶ 61-66.

## ARGUMENT

**I.  THE COURT SHOULD NOT EXERCISE JURISDICTION OVER THE NON-FEDERAL CLAIM ASSERTED AGAINST CYPRESS**

As fully explained in the Danka Defendants' brief, DCML fails to state a claim under Section 14(a) of the Securities and Exchange Act of 1934. *See* Danka Br. at 8-17. The Court should decline to exercise supplemental jurisdiction over the remaining non-federal claims. *See* Danka Br. at 19-20; *see also Bond Opportunity Fund v. Unilab Corp.*, No. 99 Civ. 11074, 2003 WL 21058251, at *11, *13 (S.D.N.Y. May 9, 2003) (declining jurisdiction over state law claims where Section 14(a) claims failed to meet pleading requirements of the Private Securities Litigation Reform Act); *TCS Capital Mgmt., LLC v. Apax Partners, L.P.*, No. 06-CV-13447, 2008 WL 650385, at *26 (S.D.N.Y. Mar. 7, 2008) ("Plaintiff cannot bootstrap claims under Greek law into an American court by asserting meritless claims under the federal securities laws.").

II.   **DCML'S CLAIM AGAINST CYPRESS FOR AIDING AND ABETTING AN ALLEGED BREACH OF FIDUCIARY DUTY FAILS AS A MATTER OF LAW**

Should the Court decide to exercise supplemental jurisdiction over DCML's aiding and abetting claim against Cypress, the Court should dismiss that claim pursuant to Rule 12(b)(6). The factual allegations in the FAC do not raise a right to relief against Cypress "above the speculative level," and the claim should be dismissed. *See Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)).

A federal court resolving a claim over which it has supplemental jurisdiction applies the choice of law rules of the forum state. *N. Atl. Instruments, Inc. v. Haber*, 188 F.3d 38, 43 (2d Cir. 1999). New York courts are divided over whether a claim for aiding and abetting a breach of fiduciary duty should be governed by the law of the state of incorporation, under the "internal affairs" doctrine, or by the law determined by the choice of law rules applicable to ordinary tort claims. *See In re Adelphia Commc'ns Corp.*, 365 B.R. 24, 39-40 (Bankr. S.D.N.Y. 2007) (collecting cases). Accordingly, DCML's aiding and abetting claim is governed either by English law, as the law of Danka's state of organization, or New York law, as the law of the jurisdiction where most of the actions giving rise to the claim allegedly occurred. Regardless of which law applies, DCML's aiding and abetting claim fails.

In New York, to establish a defendant's liability for aiding and abetting a breach of fiduciary duty, a plaintiff must plead and prove that: (1) the fiduciary breached obligations to another; (2) the defendant knew of and substantially assisted the breach; and (3) the plaintiff suffered damages as a result. *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 294 (2d Cir. 2006) (citing *Kaufman v. Cohen*, 307 A.D.2d 113, 125, 760 N.Y.S.2d 157, 169 (1st Dep't 2003)). In England, a third party may become liable under a theory of "accessory liability" if that party dishonestly assisted or procured a director's breach of fiduciary duty, resulting in loss to the

2

company. *See* Palmer's Company Law ¶¶ 8.3611, 6.964; *Royal Brunei Airlines Sdn. Bhd. v. Tan*, [1995] 2 A.C. 378, 392 (P.C.), 1995 WL 1081657; Bullen, Leake & Jacob's Precedents of Pleadings § 54-04. English law requires that allegations of dishonesty, like allegations of fraud in the United States, be pleaded with particularity. *See Scruton v. Bone & Ors.*, 2001 WL 1612640 (Ch. D.).

### A. DCML Fails to State a Claim for a Primary Breach of Fiduciary Duty

Under both New York law and English law, any claim against a third party based on its assistance or procurement of a fiduciary breach necessarily requires proof that a breach of fiduciary duty occurred. *See Geren v. Quantum Chem. Corp.*, 832 F. Supp. 728, 737-38 and n.5 (S.D.N.Y. 1993) (dismissing aiding and abetting claim where the plaintiff had failed to state a claim for a primary breach); Palmer's Company Law ¶ 8.3612; *Royal Brunei Airlines*, [1995] 2 A.C. at 382 ("Liability as an accessory … is a form of secondary liability in the sense that it only arises where there has been a breach of trust."). As discussed in the Danka Defendants' brief, DCML fails to state a breach of fiduciary duty claim against any of the Danka Defendants. *See* Danka Br. at 21-25. As a result, DCML's aiding and abetting claim against Cypress for its alleged assistance of the alleged fiduciary breaches also fails.

### B. DCML Fails to Plead the Elements of Aiding and Abetting Liability under New York Law

Even assuming the FAC states a viable breach of fiduciary duty claim against the Danka Defendants, DCML fails to plead that Cypress actually knew of and gave substantial assistance to the alleged breaches, or that DCML suffered harm as a result. *See Lerner*, 459 F.3d at 294. Under New York law, absent a fiduciary relationship between the plaintiff and the defendant, the plaintiff must allege that the defendant affirmatively assisted, helped conceal, or failed to act when required to do so, and thereby enabled the breach to occur." *In re Sharp Int'l*

3

*Corp.*, 403 F.3d 43, 50-51 (2d Cir. 2005).  In addition, New York law requires that the defendant's assistance "proximately caused the harm on which the primary liability is predicated," such that the harm was "a direct or reasonably foreseeable result of the conduct." *Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of America Sec., LLC,* 446 F. Supp. 2d 163, 201-02 (S.D.N.Y. 2006).

   The FAC does not plead a single fact that indicates Cypress knew of or assisted in any fiduciary breach, let alone any action that damaged DCML.  The references to Cypress in the FAC are limited to: (a) the geographic location of Cypress's headquarters (¶ 9); (b) Cypress's ownership of certain Danka securities and employment of two individuals that serve as Danka directors (¶¶ 17, 21, 22, 43, 53); and (c) press releases and other documents that mention Cypress only in passing (¶¶ 24, 26, 29, 34, 38).  These allegations – and the entirely conclusory allegation that Cypress "aided and abetted" the directors' breaches (¶ 62) – are not facts from which a fact finder could find aiding and abetting liability.  *See, e.g., Goldin Assocs., LLC v. Donaldson, Lufkin & Jenrette Sec. Corp.*, No. 00 Civ. 8688, 2003 WL 2218643, at *8-*12 (S.D.N.Y. Sept. 25, 2003); *see also Twombly*, 127 S. Ct. at 1964-65 ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

   Notably, the FAC does not allege that Cypress participated in the preparation of any of the allegedly defective proxy materials that recommended the sale and liquidation transaction to the shareholders.  The FAC does not allege that Cypress owed any independent fiduciary duty directly to DCML or other ordinary shareholders.  Nor does the FAC allege that Cypress had actual knowledge that any actions taken by the Danka Defendants constituted a breach of their fiduciary duties to the company.  Finally, the FAC does not allege, nor could it,

4

that Cypress's involvement in the negotiations over the proposed liquidation transaction proximately caused it harm. The liquidation transaction was defeated by the shareholder vote, (¶¶ 2, 6, 40, 42, 46, 50), and the only alleged injuries to DCML are purely speculative (¶ 65).

### C. DCML Fails to Plead the Elements of Accessory Liability under English Law

Accessory liability under English law requires that the defendant dishonestly assisted the directors in breaching their fiduciary duties, and that the company suffered a loss as a result. *See* Palmer's Company Law ¶¶ 8.3611, 6.964. A plaintiff must allege with particularity that a reasonable person with the defendant's knowledge would have regarded the transaction as dishonest. *See Id.; Scruton*, 2001 WL 1612640. The FAC does not contain any allegations, much less particularized allegations, that Cypress knew or should have known that it was participating in a dishonest or otherwise improper transaction (*see* Section II.B, above), nor that Danka suffered any loss as a result. *See* Danka Br. at 23-25. Accordingly, any claim for accessory liability fails as a matter of English law.

### CONCLUSION

For the foregoing reasons, Cypress respectfully requests that the Court dismiss with prejudice DCML's claim against Cypress, and grant such other and further relief as the Court deems just and proper.

Dated: September 5, 2008
      New York, New York

    /s/ Peter E. Kazanoff
Peter E. Kazanoff
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502
Email: pkazanoff@stblaw.com
*Attorneys for Defendant Cypress Merchant Banking Partners II L.P.*

5